# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DON R SPECIALE,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>    Defendant. | Case No. 16-cv-01659-BLF<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES, PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[Re: ECF 22] |

In this Social Security appeal, the Court granted in part Plaintiff Don R. Speciale's motion for summary judgment and remanded the case for further agency proceedings. *See* ECF 20. The Court then entered judgment based on that order. ECF 21. On remand, Plaintiff was awarded past-due benefits in the amount of $114,145. *See* ECF 22-5 at 3. The Social Security Administration withheld $6,000 of Plaintiff's past-due benefits to ensure there were sufficient funds available to pay any attorneys' fees award, and the Administrative Law Judge approved this amount for the time Plaintiff's counsel ("Counsel") spent representing Plaintiff before the Agency. *See* ECF 22 at 1; ECF 22-1 at 3; ECF 22-5 at 3. Counsel, who represented Plaintiff in both the administrative and judicial proceedings, has filed an application for an award of additional attorneys' fees of $10,879.25. *See* Mot., ECF 22. The application is made pursuant to 42 U.S.C. § 406(b) and plaintiff and counsel's contingent-fee agreement.

Having reviewed Counsel's motion and the Government's response, the Court finds that the fees sought are reasonable, and therefore GRANTS the motion in the amount of $10,879.25, which, when combined with the $6,000 already awarded, is 14.79%[1] of the past-due benefits

---

[1] Counsel calculates that the total fee request is 21.8% because he includes $8,000 in estimated EAJA fees that have been "credited to the client," even though EAJA fees were not approved in

award of $114,145.

## I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Id.* The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

---

this matter. *See* ECF 22 at 2; ECF 22-1 at 3. It is unclear why Counsel includes the $8,000 amount in his calculations, but the Court's analysis applies equally whether the requested percentage is 14.79% or 21.8%.

2

## II. DISCUSSION

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent fee agreement between Counsel and Plaintiff. *See* ECF 22-6. The agreement provides that, subject to approval of the court, Plaintiff will pay Counsel "an amount equal to twenty-five percent (25%) of the past-due benefits" recovered. *Id.* at 1. Accordingly, the agreement is within the 25% cap set forth in § 406(b). Here, Counsel requests only 14.79%. Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. Counsel obtained an excellent result for Plaintiff, comprising a substantial award of past-due benefits. *See* ECF 22-5 at 3. The fee award in question, $10,879.25, is consistent with other fee awards in similar cases in this district. *See, e.g., Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in past-due benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in past-due benefits).

The Government's response to the motion states that the Commissioner takes no position on the reasonableness of Counsel's request for fees, and that the Commissioner submits a response pursuant to her role "resembling that of a trustee" for Plaintiff. ECF 24 at 1, 4. The Government notes that based on Counsel's representation that he spent 32.5 hours on the case, a fee award in the amount requested would result in an effective hourly rate of approximately $335. The Government cites *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) for the proposition that appropriate effective hourly rates for social security cases range from $187.55 to $694.44.

Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees under § 406(b) is reasonable. Because the amount withheld by the Commissioner is not sufficient to satisfy the $10,879.25 fee award, Plaintiff shall pay the award from the trust he created for this purpose pending approval of this motion. ECF 22-2.

///

///

### III. ORDER

Counsel's motion for attorney's fees under § 406(b) is GRANTED in the amount of $10,879.25, to be paid by Plaintiff.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
BETH LABSON FREEMAN
United States District Judge